**SCHOLASTIC INC., J.K. Rowling and Time Warner Entertainment Company, L.P., Plaintiffs–Counter–Defendants–Appellees,**

v.

**Nancy STOUFFER, Defendant–Counter–Claimant–Appellant.**

No. 02–9405.

United States Court of Appeals, Second Circuit.

Dec. 2, 2003.

Dale M. Cendali, O'Melveny & Myers, LLP, New York, N.Y. Edward H. Rosenthal, Frankfurt Kurnit Klein & Selz, PC New York, N.Y., for Appellees.

Thomas S. McNamara, Indik & McNamara, P.C., New York, N.Y., for Appellant.

Present: POOLER, B.D. PARKER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant–Counter–Claimant–Appellant Nancy Stouffer ("Stouffer") appeals from the September 17, 2002 judgment of the United States District Court for the Southern District of New York (Allen G. Schwartz, *District Judge* ) granting Plaintiffs–Appellees' Scholastic Inc., J.K. Rowling and Time Warner Entertainment Company, L.P. (collectively "Plaintiffs") motion for summary judgment, dismissing the counterclaims brought against Plaintiffs by Stouffer, awarding Plaintiffs' certain attorneys fees, and imposing $50,000 in sanctions upon finding that Stouffer committed a fraud on the court.

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues. The District Court properly dismissed Stouffer's trademark and copyright counterclaims, imposed $50,000 sanctions, and awarded Plaintiffs certain attorneys fees.

■ The District Court's dismissal of Stouffer's trademark claims was proper because no reasonable juror could find a likelihood of confusion as to the source of the two parties' works. "The district court's ultimate balancing of the *Polaroid* factors is always subject to *de novo* review, and such review is *a fortiori* applicable on review of a grant of summary judgment." *Patsy's Brand. Inc. v. I.O.B. Realty. Inc.,* 317 F.3d 209, 215 (2d Cir.2003) (internal citations and quotations omitted). To prevail on summary judgment in a trademark infringement action, the owner of the trademark must establish that there is no genuine issue as to any material fact regarding whether "numerous ordinary prudent purchasers are likely to be misled or confused as to the source of the product in question because of the entrance in the marketplace of defendant's mark." *Id.* at 217. In assessing the likelihood of confusion, eight factors set forth by Judge Friendly in *Polaroid Corp. v. Polarad Electronics Corp.,* 287 F.2d 492, 495 (2d Cir.1961) should be considered. *See Nabisco, Inc. v. Warner–Lambert Co.,* 220 F.3d 43, 46 (2d Cir.2000). Here, although the District Court did not individually assess each *Polaroid* factor, it acknowledged the governing law and thoroughly compared the *Harry Potter* books with Stouffer's works. In so doing, it correctly found that there was little similarity between the two works at issue. Stouffer's two publishing businesses were not successful, notwithstanding the questionable evidence submitted by Stouffer to the contrary. Further, Stouffer's and Plaintiffs' marks are used in two very different ways. Rowling's use of the term "Muggles" describes ordinary humans with no magical powers while Stouffer's "Muggles" are tiny, hairless creatures with elongated heads. Further, the *Harry Potter* books are novel-length works and whose primary customers are older children and adults whereas Stouffer's booklets appeal to young children. Accordingly, the District Court correctly dismissed Stouffer's trademark claims.

■ The District Court's dismissal of Stouffer's copyright claims was proper because no reasonable juror could find a substantial similarity between Stouffer's illustration of Larry Potter and Plaintiffs' illustration of Harry Potter. The District Court's conclusion that there is no substantial similarity between the copyright

protected elements of the parties' works is reviewed *de novo*. *Boisson v. Banian, Ltd.*, 273 F.3d 262, 272 (2d Cir.2001). Here, aside from the fact that both illustrations depict a boy wearing glasses, there is no similarity between the two works. Accordingly, the District Court correctly dismissed Stouffer's copyright claims.

The District Court's sanctions and award of attorneys' fees was warranted. Such an award is reviewed under an abuse of discretion standard. *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir.1999). Beyond the powers expressly conferred by statute, federal courts have the inherent power to sanction a party for conduct which abuses the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). Here, the District Court found clear and convincing evidence that Stouffer had submitted falsified evidence in this litigation, and we adopt its findings and affirm its sanction against Stouffer in the amount of $50,000. We likewise affirm the statutory award of attorneys' fees and costs to Plaintiffs with respect to their defense of Stouffer's trademark claims. *See* 15 U.S.C. § 1117(a). Further, we find it is appropriate in this case to award Plaintiffs all attorneys fees and costs that they incurred on appeal.

For these reasons, the Court hereby AFFIRMS the District Court's order dismissing Stouffer's counterclaims, sanctioning Stouffer $50,000 and awarding Plaintiffs certain attorneys fees, and ORDERS Stouffer to pay all Plaintiffs' attorneys fees and costs incurred on appeal.