10-3201-cv
Amerisource Corporation , et al. v. Parson Center Pharmacy, Inc., et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of September, two thousand eleven,

PRESENT: GUIDO CALABRESI,
RICHARD C. WESLEY,
GERARD E. LYNCH,
*Circuit Judges.*

_____

NEW YORK CREDIT & FINANCIAL MANAGEMENT GROUP,

*Petitioner,*

AMERISOURCE CORPORATION,

*Plaintiff-Counter-Defendant - Appellee,*

-v.-                                    **10-3201-cv**

PARSON CENTER PHARMACY, INC., PARSON MEDICAL CENTER PHARMACY, INC. (II), RX USA INTERNATIONAL, INC., ROBERT C. DRUCKER*
*Defendants-Counter-Claimants - Appellants.*

_____

*The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the listing of the parties above.

FOR APPELLANT:     MICHAEL LEVINE, Levine & Associates, P.C.
                   Scarsdale, NY.

FOR APPELLEE:      CRAIG D. MILLS, Buchanan, Ingersoll &
                   Rooney, P.C., Philadelphia, PA.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York be **AFFIRMED.**

Appellant appeals from a judgment of the United States District Court for the Eastern District of New York (Azrack, *Mag. J.*), which imposed sanctions against Robert Drucker and RxUSA, jointly and severally, in the amount of $100,000. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Sanctions for fraud are warranted if it is "established by clear and convincing evidence that [Defendant] has 'sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate' the action." *Scholastic, Inc. v. Stouffer*, 221 F. Supp. 2d 425, 439 (S.D.N.Y. 2002) (quoting *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989)), *aff'd* 81 F. App'x. 396, 398 (2d Cir. 2003). Falsifying evidence is sanctionable conduct. *Ostano*

*Commerzanstalt v. Telewide Sys. Inc.*, 794 F.2d 763, 768 (2d Cir. 1986). Submitting falsified evidence is also properly sanctionable. *See Scholastic Inc.*, 221 F. Supp. 2d at 440-441, *aff'd* 81 F. App'x at 398.

The record in this case supports the district court's findings of fact that Appellant Drucker falsified and falsely authenticated falsified evidence and that Appellants relied upon and submitted the falsified evidence in connection with a motion for summary judgment. Appellant's actions constitute sanctionable conduct, and the district court did not abuse its discretion by imposing sanctions in this case.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk